UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARLINE EWERS,<br><br>       Plaintiff,<br><br>   -v.-<br><br>MONTEFIORE MEDICAL CENTER,<br>       Defendant. | 23 Civ. 09386 (JHR)<br>MEMORANDUM OPINION &<br>ORDER |

JENNIFER H. REARDEN, District Judge:

  Before the Court is Plaintiff Narline Ewers's motion for a default judgment, ECF No. 45. For the reasons stated herein, Plaintiff's motion is denied.

## I. BACKGROUND

  On October 10, 2023, acting *pro se*, Plaintiff filed the Complaint in this case against Defendant Montefiore Medical Center, alleging violations of Title VII, the New York State Human Rights Law, and the New York City Human Rights Law. ECF No. 1. Plaintiff filed proof of service on February 16, 2024. ECF No. 6.[1] Plaintiff subsequently moved for a default judgment on March 10, 2024. ECF No. 17. Upon review, the Court determined that Plaintiff's submissions in support of her motion failed to establish that defendant "[was] liable as a matter of law." ECF No. 38 (quoting *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)). Accordingly, the Court declined to consider Plaintiff's application and directed Plaintiff, if she "plan[ned] to proceed with seeking a default judgment," to file, by July 17, 2025, "a corrected motion in

---

[1] Magistrate Judge Jennifer E. Willis, to whom this case was referred for general pretrial supervision and reports and recommendations on dispositive motions, ECF No. 13, concluded that Plaintiff's affidavit of service failed to demonstrate "that Defendant was properly served," ECF No. 21. Plaintiff filed a revised affidavit of service on September 2, 2024, ECF No. 22, which led Judge Willis to direct Defendant to show cause why a default judgment should not be entered, ECF Nos. 28 and 35.

accordance with the Court's Individual Rules and Practices in Civil Cases." *Id.* The Court further directed the Clerk of Court to send a copy of its Order to Defendant's Risk Management Office, General Counsel, and "[t]he law firm and attorney that the Court understands currently represent Defendant . . . on other matters." *Id.*

Within two weeks, on July 14, 2025, Defendant appeared in this action, ECF Nos. 39-40, and filed a letter explaining that counsel for Defendant "were not notified of this action until July 11, 2025." ECF No. 41. Counsel asserted that Defendant "has strong defenses to Plaintiff's re-filed claims" and requested a conference "to discuss any potential motion practice." *Id.*[2] Shortly thereafter, on July 17, 2025, Plaintiff renewed her motion for a default judgment. *See* ECF Nos. 44-47. Plaintiff then wrote to the Court, on July 28, 2025, to emphasize that "this case should not proceed to a motion to dismiss" due to Defendant's "extended default" and "neglect of multiple prior notices." ECF No. 49; *see also* ECF No. 43 ("Procedural History" document filed by Plaintiff on July 17, 2025).

## II. DISCUSSION

"Federal Rule of Civil Procedure 55(c) provides that a party may be relieved from a clerk's entry of a default on a more relaxed standard than it may be relieved from a final default judgment." *Ruradan Corp. v. City of New York*, No. 22 Civ. 3074 (LJL), 2023 WL 2632185, at *3 (S.D.N.Y. Mar. 24, 2023). The defaulting party need only show "good cause." Fed. R. Civ. P. 55(c). The Second Circuit has held that, in determining whether good cause has been shown, a district court should weigh three "widely accepted factors": "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a

---

[2] The parties appeared before Judge Willis for an initial case management conference on September 26, 2025. ECF No. 67.

meritorious defense is presented." *Ruradan Corp.*, 2023 WL 2632185, at *3 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

The Second Circuit has often "expressed a strong preference for resolving disputes on the merits," rather than by default. *See JDH Unlimited Inc. v. Koehler*, No. 22-1721 Civ., 2023 WL 6289951, at *2 (2d Cir. Sept. 27, 2023) (citing *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005)); *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting the Second Circuit's "preference for resolving disputes on the merits"). It has "emphasized that 'dismissal is a harsh remedy to be utilized only in extreme situations.'" *JDH Unlimited Inc.*, 2023 WL 6289951 at *2 (quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)).

Defendant has indicated a desire to litigate this case on the merits. Defendant appeared three days after receiving notice of the pending default judgment, *see* ECF No. 41, and the parties have agreed on a briefing schedule for Defendant's motion to dismiss, ECF No. 50.[3] These developments indicate that Defendant's default was not "willful." *See Ruradan Corp.*, 2023 WL 2632185, at *5 (finding that the "promptness" of Defendant's response to the entry of default is "evidence that the default was not willful").

Moreover, Plaintiff has not been prejudiced by Defendant's delay. "It is well established that 'delay alone is not a sufficient basis for establishing prejudice.'" *See Manz v. Restaurant Los Tacos No. 1*, 2025 WL 1541057, at *2 (S.D.N.Y. May 30, 2025) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* Plaintiff has not made the requisite showing, particularly in light of the Second

---

[3] The briefing schedule included a request from Plaintiff "that the Court continue to consider her motion for default judgment." ECF No. 50.

Circuit's "strong preference for resolving disputes on the merits." *JDH Unlimited Inc.*, 2023 WL 6289951, at *2.

Defendant filed its motion to dismiss the Complaint on September 9, 2025. ECF No. 56. The Court reserves determination of the merits of the defenses raised therein until that motion is fully briefed. Yet "[e]ven if Defendants [do not show] a meritorious defense on any of Plaintiff's claims, the other factors ultimately weigh in favor of setting aside the default." *Cabrera v. Freedom Mortgage Corp.*, 2024 WL 1805558, at *3 (S.D.N.Y. Apr. 25, 2024); *see Manz*, 2025 WL 1541057 at *3 ("Because there is no finding of willfulness or prejudice to the Plaintiff, the Court need not decide whether Defendant presents any meritorious defenses.").

Accordingly, the Court finds "good cause" to set aside the Clerk's entry of default against Defendant. Fed. R. Civ. P. 55(c).

### III. CONCLUSION

Plaintiff's motion for a default judgment is denied. The Clerk's certificate of default, ECF No. 17, is hereby vacated.

SO ORDERED.

Dated: October 31, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

4